1  Robert L. Leslie #61872
   Alexander Bannon #109249
2  McInerney & Dillon, P.C.
   One Kaiser Plaza, 18th Floor
3  Oakland, California  94612-3610
   Telephone (510) 465-7100
4  Facsimile (510) 465-8556

5  Attorneys for plaintiff
   Lewis C. Nelson and Sons, Inc.

6

7

8                 UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  LEWIS C. NELSON AND SONS, INC.,     )   No. 1:04-CV-05577-REC-DLB
                                        )
12          Plaintiff,                  )   **STIPULATED PROTECTIVE**
                                        )   **ORDER**
13  v.                                  )
                                        )
14  COUNTY OF FRESNO,                   )
                                        )
15          Defendant.                  )
                                        )
16  _____)

17

18  IT IS HEREBY ORDERED that:

19      1.    Document Defined.  When used in this Stipulated Protective Order, the

20  word "Document" includes, but is not limited to:

21          a.    originals, duplicates and reproductions of correspondence,

22  memoranda, notes, electronic data, computer printouts, reports, worksheets, pricing

23  sheets, expense sheets, estimate summary sheets, compilations, summaries, calculations,

24  ledgers, charts, photographs, the items enumerated in subparagraphs (a) and (b) below,

25  and all other papers, and electronic data, and matters reduced or capable or being reduced

26  to written or graphic form, including, but not limited to:

27          b.    Testimony, including the transcripts thereof, of the parties, their

28  agents, employees and consultants, and any non-party, its agents, employees, or

Stipulated Protective Order

1   consultants given in depositions or proceedings in this litigation, or given in depositions

2   or proceedings in this litigation, or given in other litigation and used in this litigation; and

3             c.     Pleadings, including answers to interrogatories, admissions,

4   affidavits and exhibits offered in support thereof which incorporate any Documents or

5   information described in said Document.

6         2.    Designation of Documents.  Any party may designate as CONFIDENTIAL

7   any document which it produces or interrogatory answer which it has determined in good

8   faith contains material that is a trade secret or other confidential research, development,

9   commercial information, or financial information, or is subject to a right of privacy.  All

10   documents designated as CONFIDENTIAL shall be marked accordingly and shall be

11   subject to restrictions as hereinafter provided.

12         3.    Confidential Documents.  Except with prior written consent of the

13   designating person, or the prior order of the Court, Documents designated as

14   CONFIDENTIAL, as well as the information contained therein, may not be disclosed to

15   any person other than:

16             a.     Counsel of record in this action;

17             b.     Employees of counsel of record assigned to assist such counsel in

18   this action;

19             c.     Independent expert witnesses and/or consultants to counsel of record

20   in this action to the extent deemed necessary by said counsel for the prosecution or

21   defense of this action;

22             d.     Any person of whom testimony is taken in this action provided that

23   such person agrees to be bound by the provisions of this Protective Order and that all

24   testimony taken as CONFIDENTIAL Documents or information be filed under seal.

25   No person receiving a CONFIDENTIAL Document shall disclose it or its contents to any

26   person other than those described in this section, and then only for the purpose of this

27   action, and in no event shall such person make any other use of such Document.  All

28   Documents designated and marked CONFIDENTIAL shall be kept under the custody or

1  control of counsel who shall be responsible for seeing to the return of any and all copies

2  made by any expert witnesses and consultants as well as by parties, counsel, and their

3  employees.

4         4.  <u>Objections and Rights Reserved</u>.  This Protective Order shall not prejudice

5  the rights of, or prevent, any party from:

6         a.  Objecting to the production of any Documents;

7         b.  Objecting to the offer or introduction of any Document into evidence

8  on any grounds at the time such Document is offered;

9         c.  Seeking additional protection from the Court concerning any

10  Documents;

11         d.  Seeking an order from the Court that a document designated by a

12  party as "confidential," need not be treated as "confidential."  (Pursuant to the procedures

13  set forth in paragraph 5d.)

14         5.  <u>Method of Marking</u>.  Documents to be subject to this Stipulated Protective

15  Order shall be designated as CONFIDENTIAL in the following manner:

16         a.  All Documents which the producing party wishes to designate as

17  CONFIDENTIAL shall be stamped or otherwise marked on at least the first page thereof

18  (if the same can be done without interfering with the legibility, and if not, on the first

19  such page permitting) with the following words or words of similar import:

20                      CONFIDENTIAL
                    Access Restricted

21                      By Order

22         b.  Testimony may be designated as CONFIDENTIAL either by oral

23  statement on the record or by a separate written notice giving page and line references.

24  The written notice referenced herein must be given within fifteen (15) days following the

25  mailing of the deposition transcript to which the designation or designations pertain.

26         c.  Any Document or testimony designated as CONFIDENTIAL which

27  is revealed by or included in any discovery proceeding (whether formal or informal and

28  whether in the form of depositions, transcripts, interrogatory answers or Document

1   production) or in any motions, pleadings, affidavits, briefs or other Documents submitted

2   to the Court, shall, unless otherwise agreed by these parties, be subject to this Protective

3   Order and shall be filed under seal.  The Court shall maintain under seal such Documents

4   or testimony designated CONFIDENTIAL and submitted to the Court to be made

5   available by the Court only to counsel for the parties in this action until further Order of

6   the Court.

7              d.  Challenging a Designation:  If any party claims that any matter

8   designated hereunder is not entitled to the protections of this Stipulated Protective Order,

9   that party may serve on the designating party an objection to the designation within thirty

10  (30) days of receipt of such notice of designation.  Such objection(s) may be served by

11  facsimile and will be deemed received one day after the objection is sent via facsimile.

12  After service of the objection, the parties shall meet and confer regarding the objection.

13  If the parties are unable to reach agreement concerning the designation of the matter, then

14  the party requesting removal of the designation may file and serve a noticed motion for an

15  order requesting that the designation of the matter be removed and/or changed in scope,

16  or otherwise bring this issue to the attention of the Court as permitted by local rule or by

17  stipulation of the parties.  Any such motion shall be filed and served within forty five (45)

18  days after service of the objection.  Any such motion shall be set for the earliest possible

19  date.  If such motion is not made in such time and manner, then the matter shall remain

20  CONFIDENTIAL  as originally designated.  The Parties may stipulate in writing to

21  extend the time periods to object and/or file a motion requesting removal of a designation.

22         6.     Deposition Procedures.  On request of any counsel, any person attending

23  any deposition taken in this case shall identify for the record his or her name, address and

24  employer.  Before any Document designated as CONFIDENTIAL is used in a deposition,

25  counsel using the Document must present the Document to all other counsel present; and

26  counsel present may then require that only the witness, his counsel and those entitled to

27  access to Documents designated as CONFIDENTIAL may remain in the deposition room

28  while the Document is being used.  The reporter at each such deposition in this case shall

1  agree that no copies of the deposition shall be made for, delivered or made available to

2  any person except counsel for the parties, the Court and the deposition witness (if

3  requested) and shall further agree to maintain a record of the name and address of each

4  person to whom copies are delivered.

5          7.      Notice of This Order.  All persons including counsel and their employees,

6  parties, and their respective officers and employees, independent consultants or experts

7  and witnesses, who are allowed access to, or receive communications regarding, any

8  Document designated as CONFIDENTIAL pursuant to this Protective Order, shall be

9  advised of, and furnished a copy of this Order and shall agree to be bound by the terms

10 hereof.

11         8.      Court Modification.  Either party to this Stipulated Protective Order may

12 apply to the Court, on reasonable notice to all parties, for relief or modification of any

13 provisions of this Order.

14         9.      Return of Documents.  Within sixty (60) days of the conclusion of this

15 action by settlement, final judgment or final order, including all appeals, all Documents

16 (except exhibits filed of record) shall, pursuant to the direction of the party originally

17 producing said Document, either: (1) be returned to the party originally producing said

18 Document; or (2) be destroyed by the recipient of the Document.

19 The parties agree to the above and stipulate this Order may be entered.

20         IT IS SO STIPULATED.

21 Dated: November 2, 2005          McInerney & Dillon, P.C.

22
                                    By ___/s/ Alexander Bannon_____
23                                     Alexander Bannon
                                       Attorneys for plaintiff
24                                     Lewis C. Nelson and Sons, Inc.

25 Dated: November 2, 2005          McCormick, Barstow, Sheppard, Wayte & Carruth

26
                                    By____/s/ William H. Littlewood____
27                                     William H. Littlewood
                                       Attorneys for defendant County of Fresno
28

1   IT IS SO ORDERED.

2

3   Dated: November _4__, 2005                ___/s/ ROBERT E. COYLE
                                              United States District Court Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28