Robert L. Leslie #61872
Alexander Bannon #109249
McInerney & Dillon, P.C.
One Kaiser Plaza, 18th Floor
Oakland, California 94612-3610
Telephone (510) 465-7100
Facsimile (510) 465-8556

Attorneys for plaintiff
Lewis C. Nelson and Sons, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS C. NELSON AND SONS, INC., | No. 1:04-CV-05577-REC-DLB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| COUNTY OF FRESNO, | |
| Defendant. | |

IT IS HEREBY ORDERED that:

1. <u>Document Defined</u>.  When used in this Stipulated Protective Order, the word "Document" includes, but is not limited to:

   a.   originals, duplicates and reproductions of correspondence, memoranda, notes, electronic data, computer printouts, reports, worksheets, pricing sheets, expense sheets, estimate summary sheets, compilations, summaries, calculations, ledgers, charts, photographs, the items enumerated in subparagraphs (a) and (b) below, and all other papers, and electronic data, and matters reduced or capable or being reduced to written or graphic form, including, but not limited to:

   b.   Testimony, including the transcripts thereof, of the parties, their agents, employees and consultants, and any non-party, its agents, employees, or

1  consultants given in depositions or proceedings in this litigation, or given in depositions
2  or proceedings in this litigation, or given in other litigation and used in this litigation; and
3           c.      Pleadings, including answers to interrogatories, admissions,
4  affidavits and exhibits offered in support thereof which incorporate any Documents or
5  information described in said Document.
6       2.      <u>Designation of Documents</u>.  Any party may designate as CONFIDENTIAL
7  any document which it produces or interrogatory answer which it has determined in good
8  faith contains material that is a trade secret or other confidential research, development,
9  commercial information, or financial information, or is subject to a right of privacy.  All
10 documents designated as CONFIDENTIAL shall be marked accordingly and shall be
11 subject to restrictions as hereinafter provided.
12      3.      <u>Confidential Documents</u>.  Except with prior written consent of the
13 designating person, or the prior order of the Court, Documents designated as
14 CONFIDENTIAL, as well as the information contained therein, may not be disclosed to
15 any person other than:
16          a.      Counsel of record in this action;
17          b.      Employees of counsel of record assigned to assist such counsel in
18 this action;
19          c.      Independent expert witnesses and/or consultants to counsel of record
20 in this action to the extent deemed necessary by said counsel for the prosecution or
21 defense of this action;
22          d.      Any person of whom testimony is taken in this action provided that
23 such person agrees to be bound by the provisions of this Protective Order and that all
24 testimony taken as CONFIDENTIAL Documents or information be filed under seal.
25 No person receiving a CONFIDENTIAL Document shall disclose it or its contents to any
26 person other than those described in this section, and then only for the purpose of this
27 action, and in no event shall such person make any other use of such Document.  All
28 Documents designated and marked CONFIDENTIAL shall be kept under the custody or

Stipulated Protective Order

2

control of counsel who shall be responsible for seeing to the return of any and all copies made by any expert witnesses and consultants as well as by parties, counsel, and their employees.

  4. <u>Objections and Rights Reserved</u>.  This Protective Order shall not prejudice the rights of, or prevent, any party from:

   a. Objecting to the production of any Documents;

   b. Objecting to the offer or introduction of any Document into evidence on any grounds at the time such Document is offered;

   c. Seeking additional protection from the Court concerning any Documents;

   d. Seeking an order from the Court that a document designated by a party as "confidential," need not be treated as "confidential."  (Pursuant to the procedures set forth in paragraph 5d.)

  5. <u>Method of Marking</u>.  Documents to be subject to this Stipulated Protective Order shall be designated as CONFIDENTIAL in the following manner:

  a. All Documents which the producing party wishes to designate as CONFIDENTIAL shall be stamped or otherwise marked on at least the first page thereof (if the same can be done without interfering with the legibility, and if not, on the first such page permitting) with the following words or words of similar import:

    CONFIDENTIAL
    Access Restricted
    By Order

  b. Testimony may be designated as CONFIDENTIAL either by oral statement on the record or by a separate written notice giving page and line references. The written notice referenced herein must be given within fifteen (15) days following the mailing of the deposition transcript to which the designation or designations pertain.

   c. Any Document or testimony designated as CONFIDENTIAL which is revealed by or included in any discovery proceeding (whether formal or informal and whether in the form of depositions, transcripts, interrogatory answers or Document

1  production) or in any motions, pleadings, affidavits, briefs or other Documents submitted
2  to the Court, shall, unless otherwise agreed by these parties, be subject to this Protective
3  Order and shall be filed under seal.  The Court shall maintain under seal such Documents
4  or testimony designated CONFIDENTIAL and submitted to the Court to be made
5  available by the Court only to counsel for the parties in this action until further Order of
6  the Court.

7        d.  Challenging a Designation:  If any party claims that any matter
8  designated hereunder is not entitled to the protections of this Stipulated Protective Order,
9  that party may serve on the designating party an objection to the designation within thirty
10 (30) days of receipt of such notice of designation.  Such objection(s) may be served by
11 facsimile and will be deemed received one day after the objection is sent via facsimile.
12 After service of the objection, the parties shall meet and confer regarding the objection.
13 If the parties are unable to reach agreement concerning the designation of the matter, then
14 the party requesting removal of the designation may file and serve a noticed motion for an
15 order requesting that the designation of the matter be removed and/or changed in scope,
16 or otherwise bring this issue to the attention of the Court as permitted by local rule or by
17 stipulation of the parties.  Any such motion shall be filed and served within forty five (45)
18 days after service of the objection.  Any such motion shall be set for the earliest possible
19 date.  If such motion is not made in such time and manner, then the matter shall remain
20 CONFIDENTIAL  as originally designated.  The Parties may stipulate in writing to
21 extend the time periods to object and/or file a motion requesting removal of a designation.

22    6.    <u>Deposition Procedures</u>.  On request of any counsel, any person attending
23 any deposition taken in this case shall identify for the record his or her name, address and
24 employer.  Before any Document designated as CONFIDENTIAL is used in a deposition,
25 counsel using the Document must present the Document to all other counsel present; and
26 counsel present may then require that only the witness, his counsel and those entitled to
27 access to Documents designated as CONFIDENTIAL may remain in the deposition room
28 while the Document is being used.  The reporter at each such deposition in this case shall

Stipulated Protective Order
4

1  agree that no copies of the deposition shall be made for, delivered or made available to
2  any person except counsel for the parties, the Court and the deposition witness (if
3  requested) and shall further agree to maintain a record of the name and address of each
4  person to whom copies are delivered.

5      7.    <u>Notice of This Order</u>.  All persons including counsel and their employees,
6  parties, and their respective officers and employees, independent consultants or experts
7  and witnesses, who are allowed access to, or receive communications regarding, any
8  Document designated as CONFIDENTIAL pursuant to this Protective Order, shall be
9  advised of, and furnished a copy of this Order and shall agree to be bound by the terms
10 hereof.

11     8.    <u>Court Modification</u>.  Either party to this Stipulated Protective Order may
12 apply to the Court, on reasonable notice to all parties, for relief or modification of any
13 provisions of this Order.

14     9.    <u>Return of Documents</u>.  Within sixty (60) days of the conclusion of this
15 action by settlement, final judgment or final order, including all appeals, all Documents
16 (except exhibits filed of record) shall, pursuant to the direction of the party originally
17 producing said Document, either: (1) be returned to the party originally producing said
18 Document; or (2) be destroyed by the recipient of the Document.
19 The parties agree to the above and stipulate this Order may be entered.

20     IT IS SO STIPULATED.

21 Dated: November ____, 2005    McInerney & Dillon, P.C.

22     By _____
    Alexander Bannon
23
    Attorneys for plaintiff
24     Lewis C. Nelson and Sons, Inc.

25 Dated: November __, 2005    McCormick, Barstow, Sheppard, Wayte &
    Carruth
26

27     By____/s/ William H. Littlewood____
    William H. Littlewood
28     Attorneys for defendant County of Fresno

Stipulated Protective Order

1 | Documents whether or not marked CONFIDENTIAL may be filed with the Court under seal only upon order of the Court approving filing under seal.

IT IS SO ORDERED.

Dated: November 3, 2005        /s/ Dennis L. Beck
                               United States Magistrate Judge

Stipulated Protective Order